UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH
BANKRUPTCY JUDGE

(973) 645-4693
Fax: (973) 645-2606

**NOT FOR PUBLICATION**

```
FILED
JAMES J. WALDRON, CLERK

APRIL 14, 2010

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: s/ Ronnie Plasner, DEPUTY
```

April 14, 2010

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Gary A. Werner
1 University Drive, Suite 117
Hackensack, New Jersey 07601
***Counsel for Plaintiffs***

Yigal Zakai
514 Rutland Avenue
Teaneck, New Jersey 07666
***Defendant, pro se***

Re:    **Bashlow Realty Co., Inc., et al v. Yigal Zakai**
       **Adv. Pro. No. 08-02040 (DHS)**

Dear Counsel:

    Before the Court is a motion for summary judgment by Plaintiffs, Bashlow Realty Co. Inc. and the Estate of George Bashlow (collectively "Plaintiffs"). Plaintiffs hold a 1998 state court judgment against the Defendant, Yigal Zakai ("Zakai"), in the amount of $900,000.00, for fraud. Plaintiffs' complaint seeks to have this debt declared nondischargeable pursuant to Bankruptcy Code § 523(a)(2)(A). Zakai filed opposition to the motion, essentially arguing that the judgment against him was entered by default, he is not guilty of fraud, and, therefore, the debt is dischargeable.

    At the outset, it should be noted that neither party has complied with the District of New Jersey Local Civil Rule 56.1, which requires the movant to furnish "a statement which sets forth material facts as to which there does not exist a genuine issue" and the opponent to furnish "a

responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion." D.N.J. L. Civ. R. 56.1.  Failure to file such a statement is grounds for the Court to dismiss the motion.  As a result of the parties' failure to comply with Local Rule 56.1, many of the relevant underlying facts can only be ascertained by reference to documents filed in the state court actions, excerpts of which were appended as exhibits to Plaintiffs' moving papers.

The Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper under 28 U.S.C. §§ 1408 and 1409.  The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

## **FACTS**

On November 3, 1988, the Superior Court of New Jersey, Law Division, Hudson County, entered judgment against Zakai in favor of the Plaintiffs in the sum of $900,000.00, "on the grounds of fraud."  (Aff. of Gary A. Werner, Esq. in Supp. of Pl.'s Mot. for Summ. J. ("Werner Aff.") ¶ 5, Ex. D.)  The judgment resulted from cross-claims brought by the Plaintiffs against Zakai in an action initiated by Eastern of New Jersey, Inc. ("Eastern") against several parties. (*Id.*)  The litigation arose from an alleged scheme to convert heating oil owned by Eastern and stored in a facility owned by Bashlow Realty.  (*See* Am. Compl. and Jury Demand ¶¶ 60, 65, *Eastern of New Jersey, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, No. L-054998-86.)  Eastern stored heating oil in a facility owned by Plaintiff, Bashlow Realty Co., Inc., pursuant to an oral bailment agreement.  (*Id.* at ¶ 14.) In accordance with the agreement, the Plaintiffs would release the oil to Eastern's drivers or independent drivers authorized by Eastern and the quantity disbursed was documented by a four-part, pick-up ticket, which reflected the amount disbursed and the amount remaining in the tanks. (*Id.* at ¶ 16.)

Eastern's complaint alleged that Zakai and his co-conspirators would sell Eastern's oil through Zakai's company and then submit fraudulent tickets to Eastern, falsely indicating that its own drivers had received the oil.  (*Id.* at ¶¶ 60, 65; *see also* Werner Aff., Ex. C, Grand Jury Indictment of James Thompson, Yigal Zakai and Delek Fuel Oil Co., Inc.)  The Plaintiffs filed an answer to Eastern's complaint in which they asserted cross-claims for contribution and indemnification against Zakai and the other defendants.  (Ans. to Am. Comp. Cross-cls. & Jury Demand, *Eastern of New Jersey, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, No. L-054998-86.)  The state court judgment on these cross-claims reads:

> This Matter having been opened to the Court by Gary A. WErner[sic], Esq. attorney for Defendants, Bashlow Realty Co., Inc. and the Estate of George Bashlow, and the Court having considered

Page 3
April 14, 2010

> the Affidavit filed herein, and there having been no objection thereto; and for good cause shwon[sic];
>
> . . . .
>
> ORDERED that default be and hereby is entered in favor of the defendants Bashlow Realty Co., defendants Bashlow Realty Co., Inc. and the Estate of George Bashlow, against the defendant, James Thompson, pursuant to Rule 4:43-1 and
>
> IT IS FURTHER ORDERED that Judgment on the Crossclaims of the defendants Bashlow Realty Co., Inc. and the Estate of George Bashlow be and hereby is entered against the co-defendants, James Thompson and Yigal Zakai; on the grounds of fraud in the amount of $900,000.00.

(Werner Aff., Ex. D, J. of Richard F. Connors, J.S.C., Nov. 3, 1988, *Eastern of New Jersey, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, No. L-054998-86.)

On April 25, 2008, Zakai filed a Voluntary Petition for Relief under chapter 7 of the Bankruptcy Code. Bashlow commenced the instant adversary proceeding on August 4, 2008, seeking to have the judgment debt declared nondischargeable under § 523(a)(2)(A) or (a)(4) based upon the collateral-estoppel effect of the 1988 judgment. In his opposition, Zakai argues *pro se* that the judgment does not conclusively establish a finding of fraud and that he did not have a full opportunity to defend against the judgment. (Ans. to Pl.'s Mot. for Summ. J. ("Zakai Resp.") ¶¶ 6-11.)

## DISCUSSION

### I.    Summary Judgment Standard

A court may grant summary judgment under Federal Rule of Civil Procedure 56(c), made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). At the summary judgment stage, the role of the court "is not to weigh evidence, but to determine whether there is a genuine issue for trial." *Knauss v. Dwek*, 289 F. Supp. 2d 546, 549 (D.N.J. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The court must construe facts and inferences in a light most favorable to the non-moving party. *See Am. Marine Rail NJ, LLC v. City of Bayonne*, 289 F. Supp. 2d 569, 578 (D.N.J. 2003) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986)). "Only evidence admissible at trial may be used to test a summary judgment

Page 4
April 14, 2010

motion. Thus evidence whose foundation is deficient must be excluded from consideration." *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 471 (3d Cir. 1989) (citations omitted).

The moving party must make an initial showing that there is no genuine issue of material fact. *See Knauss*, 289 F. Supp. 2d at 549 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The burden then shifts to the non-moving party to "'make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Cardenas v. Massey*, 269 F.3d 251, 254-55 (3d Cir. 2001) (questioned on other grounds) (quoting *Celotex Corp.*, 477 U.S. at 322). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48 (emphasis in original). An issue of fact is "genuine" if a reasonable juror could return a verdict for the non-moving party. *See id.* at 248. Furthermore, a material fact is determined by the substantive law at issue. *See Crane v. Yurick*, 287 F. Supp. 2d 553, 556 (D.N.J. 2003) (citing *Anderson*, 477 U.S. at 248). A fact is "material" if it might affect the outcome of the suit under governing law. *Id.* Disputes over irrelevant or unnecessary facts are insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 248 (citation omitted).

However, even if material facts remain disputed, summary judgment may be proper if, after all inferences are drawn in the non-moving party's favor, the moving party is entitled to judgment as a matter of law. *Id.* at 248-50. Such a judgment is appropriate "as a matter of law" when the non-moving party has failed to make an adequate showing on an essential element of his or her case, as to which he or she has the burden of proof. *See Celotex Corp.*, 477 U.S. at 322-23. When one party moves the court for summary judgment, Federal Rules of Civil Procedure 54(c) and 56, taken together, permit the court to enter summary judgment on behalf of the non-movant, even if the non-movant has not filed a cross-motion for summary judgment. *See Peiffer v. Lebanon Sch. Dist.*, 673 F. Supp. 147, 151-52 (M.D. Pa. 1987) (citation omitted). On the other hand, a court must deny a motion for summary judgment when a genuine issue of material fact remains to be tried, or where the moving party is not entitled to a judgment as a matter of law.

**II.    Non-Dischargeability**

Section 523(a)(2)(A) of the Bankruptcy Code provides that debts for money, property, services, or credit obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition," are nondischargeable.

> In order to have a valid claim under 523(a)(2)(A), a creditor must prove that the debtor either made a misrepresentation or did an act which was wrong. The proofs must show that the debtor knew it was wrong, that she intended the creditor to rely on the act or misrepresentation and that the creditor did, in fact, rely on such act

Page 5
April 14, 2010

> or misrepresentation and finally, that the creditor was damaged thereby.

*Starr v. Reynolds (In re Reynolds),* 197 B.R. 204, 205 (Bankr. D.N.J. 1996) (quoting *Starr v. Reynolds (In re Reynolds)*, 193 B.R. 195, 200 (D.N.J. 1996) (citing *United Counties Trust Co. v. Knapp (In re Knapp)*, 137 B.R. 582, 586 (Bankr. D.N.J. 1992)).

"The overriding purpose of the Bankruptcy Code is to relieve debtors from the weight of oppressive indebtedness and provide them with a fresh start. Exceptions to discharge are strictly construed against creditors and liberally construed in favor of debtors." *Ins. Co. of N. Am. v. Cohn (In re Cohn)*, 54 F.3d 1108, 1113 (3d Cir. 1995) (citing *United States v. Stelweck*, 108 B.R. 488, 495 (E.D. Pa. 1989)). Therefore, the creditor bears the burden of proving nondischargeability by a preponderance of the evidence. *See generally Grogan v. Garner,* 498 U.S. 279, 291 (1991).

### III.   Collateral Estoppel

In support of their motion for summary judgment, Plaintiffs rely on the doctrine of collateral estoppel, reasoning that because the Superior Court of New Jersey, Law Division, entered judgment against Zakai for fraud, that issue is conclusively established and need not be relitigated in the present case. This Court must accordingly examine first whether the judgment entered against Zakai in state court is entitled to collateral estoppel effect for purposes of establishing nondischargeability under § 523(a)(2)(A) and (a)(4).

The doctrine of collateral estoppel prevents relitigation of issues that have already been conclusively determined in a prior litigation. *Wolstein v. Doctoroff*, 133 F.3d 210, 214 (3d Cir. 1997). Under the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts must accord judicial proceedings brought in a state tribunal the "same full faith and credit . . . as they have by law or usage in the courts of such State. . . ." 28 U.S.C. § 1738. Federal courts must accordingly defer to the law of preclusion of the state in which a judgment was rendered. *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985); *Allegheny Int'l Inc. v. Allegheny Ludlum Steel Corp.*, 40 F.3d 1416, 1429 (3d Cir. 1994). Because the operative judgment was rendered by a New Jersey state court, its preclusive effect must be determined by reference to New Jersey collateral estoppel case law. In New Jersey, a party asserting collateral estoppel must show that

> (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

Page 6
April 14, 2010

*Olivieri v. Y.M.F. Carpet, Inc.*, 186 N.J. 511, 521, 897 A.2d 1003, 1009 (N.J. 2006) (quotations and citation omitted); *see also e.g., In re Denaro*, 383 B.R. 879, 884 (Bankr. D.N.J. 2008); *Katz v. Mondelblatt (In re Mondelblatt)*, 350 B.R. 1, 7 (Bankr. E.D. Pa. 2006) (applying N.J. law); *In re Estate of Dawson*, 136 N.J. 1, 20, 641 A.2d 1026, 1034-35 (N.J. 1994).

"'On the merits' means that the factual issues directly involved must have been actually litigated and determined." *Slowinski v. Valley Nat. Bank*, 264 N.J. Super. 172, 183, 624 A.2d 85, 91, (N.J. Super. Ct. App. Div. 1993) (citation omitted). "The application of the collateral estoppel doctrine is not automatic, and [it] should not be applied 'if there are sufficient countervailing interests.'" *Mullarkey v. Tamboer (In re Mullarkey)*, 536 F.3d 215, 225 (3d Cir. 2008). Moreover, a subsequent court, in determining whether an issue is collaterally estopped, must carefully review the entire record of the prior proceeding to ensure that the above factors are met. *See Crimii Mae Services Ltd. P'ship v. Hurley (In re Hurley)*, 285 B.R. 871, 876 (Bankr. D.N.J. 2002); *Penn-Am. Ins. Co. v. Himowitz (In re Himowitz)*, 162 B.R. 109, 112 (Bankr. D.N.J. 1993) ("A determination of whether the [collateral estoppel] standards are met should be made in the first instance by the bankruptcy judge after a careful review of the record of the prior case, a hearing at which the parties have the opportunity to offer evidence, and the making of findings of fact and conclusions of law.").

### A. Identity of Issues

With respect to the first element required for collateral estoppel, "[a] party seeking to apply issue preclusion to a legal conclusion such as fraud must at a minimum prove that the elements of such a cause of action under the law followed by the prior court are the same elements used under Code section 523(a) for a cause of action with the same name." *Himowitz*, 162 B.R. at 113; *see also State of N.J. v. Chen (In re Chen)*, 227 B.R. 614, 625 (D.N.J. 1998). Courts have found that the elements for establishing "actual fraud" under § 523(a)(2)(A) are identical to the elements for common-law fraud and, thus, in proceedings arising under § 523(a)(2)(A), state judgments entered for common-law fraud are entitled to preclusive effect. *See Field v. Mans*, 516 U.S. 59, 71 n.9 (1995) ("We construe the terms in § 523(a)(2)(A) to incorporate the general common law of torts . . . ."); *Evans v. Ottimo*, 469 F.3d 278, 283 (2d Cir. 2006) (holding that the elements of actual fraud under the Bankruptcy Code incorporate the general common law of torts).

The elements of common-law fraud under New Jersey law are "(1) a knowing misrepresentation by defendant as to a material fact; (2) defendant's intention to induce plaintiff to rely on that misrepresentation; (3) reliance by plaintiff on the misrepresentation; and (4) resulting damage to the plaintiff." *Gutman v. Howard Savings Bank*, 748 F.Supp. 254, 257 (D.N.J. 1990). Similarly, to prevail on a claim for "actual fraud" under section 523(a)(2)(A), a party must prove by a preponderance of the evidence that (1) the debtor made a misrepresentation; (2) at the time, the debtor knew the misrepresentation was false; (3) the debtor made the misrepresentation with the intent and purpose of deceiving the creditor; (4) the creditor relied on the misrepresentation; and (5) the creditor sustained the alleged loss and damages as a proximate result of the

Page 7
April 14, 2010

misrepresentation.[1]  *See, e.g.*, *Strominger v. Giquinto (In re Giquinto)*, 388 B.R. 152, 165 (Bankr. E.D. Pa. 2008); *Cochran v. Reath (In re Reath)*, 368 B.R. 415, 422 (Bankr. D.N.J. 2006).

Where a judgment is "decided from the bench" and not supported by specific findings of fact, courts determining identity of the issues have inferred that an issue was decided by a prior court so long as it is a "necessary inference" from the prior court's judgment.  *See Revelle Motors, Inc. v. Spector (In re Spector)*, 22 B.R. 226, 232 (Bankr. N.D.N.Y. 1982); *Nate B. & Francis Spingold Found., Inc. v. Halperin (In re Halperin)*, 215 B.R. 321, 336-37 (Bankr. E.D.N.Y. 1997) (refusing to infer that issue of fraud was decided by state court where there was a "crucial distinction" between engaging in a fraudulent transfer of property and incurring a debt through fraud under section 523(a)(2)); *DiPietro v. Drossel (In re Drossel)*, No. 07-1195, 2007 WL 3375073, at *6, 7 (Bankr. D.N.J. 2007) (declining to apply collateral estoppel where statutory violations found by state court did not include elements of actual fraud under § 523(a)(2)(A) and thus the state's consideration of those elements could not be inferred).  In *Revelle*, for example, judgment was entered against a debtor in a New York court for fraudulently uttering "bad" checks.  *Revelle*, 22 B.R. at 229. Although the state court did not specifically find that the debtor had uttered the checks with fraudulent intent, the United States Bankruptcy Court for the Northern District of New York found that such intent was a "necessary inference" from the prior judgment.  *Id.* at 232.

---

[1] Courts interpreting § 523(a)(2)(A) have regarded false pretenses, false representations, and actual fraud as "somewhat different concepts," although a claim based upon any of these actions requires a showing of each the above factors.  *See Giquinto*, 388 B.R. at 165 & n.26 (setting forth the elements for all § 523(a)(2)(A) claims but also noting the distinction between false pretenses, false representations, and actual fraud); *Reath*, 368 B.R. at 422-23 (applying the same five-pronged standard in finding that the debtor's actions did not constitute false representations, false pretenses, or actual fraud); *Wymard v. Ali (In re Ali)*, 321 B.R. 685, 690 (Bankr. W.D. Pa. 2005) (explaining that claims based on false pretenses and false representations require a showing of knowledge at the time of the representation, intent to deceive, reliance, and proximate cause).  "Actual fraud" is more expansive than a mere misrepresentation and "consists of any deceit, artifice, trick, or design involving direct and active operation of the mind . . . ."  *Reath*, 368 B.R. at 422 (citing *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1293 (5th Cir. 1995)); *see also McClellan v. Cantrell*, 217 F.3d 890, 892-893 (7th Cir. 2000) (taking position that actual fraud is broader than misrepresentation); *Elliott v. Kiesewetter (In re Kiesewetter)*, 391 B.R. 740, 746 (Bankr. W.D. Pa. 2008).

Page 8
April 14, 2010

This Court, after a thorough review of the pleadings in the state court litigation, concludes that the judgment held by the Plaintiffs against Zakai is premised on common-law fraud  The state-court judgment against Zakai specified that the judgment was for "fraud."  Since there is no mention of a statutory fraud in any of the pleadings, this language demonstrates that the judgment for fraud was not inferred from a statutory violation. *See Revelle*, 22 B.R. at 233 (declining to apply collateral estoppel where state court's finding of fraud may have derived from bad check law in New York's penal code since "the bankruptcy standards for 'actual fraud' do not countenance implied fraud determinations").  Furthermore, after a review of the factual allegations in the pleadings, the Court is satisfied that the state-court judgment against Zakai was premised on his role in selling stolen oil and providing false and fraudulent tickets to Eastern.  This Court can therefore necessarily infer that the elements for common-law fraud were considered and decided by the state court when it entered judgment against Zakai for fraud.  Because common-law fraud, as articulated by New Jersey courts, incorporates the elements of actual fraud under § 523(a)(2)(A) of the Bankruptcy Code, there is identity of the issues between the state court action and the present non-dischargeability proceeding.

### B.    The "Actually Litigated" Requirement

Next, the Court finds that the issue of the Defendant's fraud was "actually litigated" in the state court action.  An issue is actually litigated when it is "properly raised, by the pleadings or otherwise, . . . and is determined." *Allesandra v. Gross*, 187 N.J. Super. 96, 105-6; 453 A.2d 904, 909 (N.J. Super. Ct. App. Div. 1982).  In contrast, a matter is not considered to have been "actually litigated" if it was "'collaterally in question,' 'incidentally cognizable,' or '[] inferred by argument from the judgment . . . .'" *Donegal Steel Foundry Co. v. Accurate Products Co.*, 516 F.2d 583, 588 (3d Cir. 1975) (applying N.J. law).  "In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated." *Alessandra*, 453 A.2d at 909; *see also Mattson v. Hawkins (In re Hawkins)*, 231 B.R. 222, 231 (D.N.J. 1999) ("Pursuant to New Jersey law, collateral estoppel does not apply to default judgments because such judgments are not " *actually litigated* " as required by the second prong in the above test.").

Here, Zakai contends that the judgment entered on the Plaintiff's cross-claim in the state court action was entered by default and that he did not have his "day in court" to defend himself. (*See* Def.'s Ans. to Pl.'s Mot. for Summ. J. ¶ 11.)  However, this contention is unsupported.  First, the judgment entered by the state court orders (1) that default be entered against James Thompson and (2) that judgment be entered against both James Thompson and Zakai on grounds of fraud.  The judgment is specific and nowhere in the paragraph granting judgment against Zakai is the term "default" used.

Secondly, the record shows that Zakai did in fact file an answer to the amended complaint in the state court action.  (*See* Def.'s Ans. to Am. Compl., Cross-cl. for Contrib., Cross-Cl. for Indemn., and Jury Demand; National Union's Ans. to Cross-cls. of Delek Fuel Oil Co., Inc. and Yigal Zakai, May 4, 1987.)  Thus, the Court finds that the issue of Zakai's fraud was actually litigated in the prior proceeding.

Page 9
April 14, 2010

### C. Additional Collateral Estoppel Requirements

The additional elements required for applying the doctrine of collateral estoppel are also met in this case. The state court's judgment against Zakai was final and on the merits and he was also a party to the earlier proceeding. Moreover, the determination that Zakai engaged in fraud was essential to the prior judgment as the fraud was the sole basis for the court's imposition of liability.

Because each element required for collateral estoppel is met, Zakai is precluded from litigating the issue of "actual fraud" in the present case. Additionally, because (1) "actual fraud" as contemplated by § 523(a)(2)(A) is established, and (2) such fraud gave rise to the debt owed to the Plaintiff, the Court finds that the debt is nondischargeable under § 523(a)(2)(A) of the Bankruptcy Code. As this Court finds that the debt is nondischargeable under § 523(a)(2)(A) of the Bankruptcy Code, the dischargeability of the debt under § 523(a)(4) need not be addressed.

### CONCLUSION

For the reasons set forth above, the Plaintiffs' motion for summary judgment is granted pursuant to § 523(a)(2)(A) of the Bankruptcy Code. An Order in conformance with this Opinion has been entered by the Court and a copy is attached.

Very truly yours,

/s/ *Donald H. Steckroth*

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure